1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   JAY H. ROBINSON (California Bar No. 230015)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4138
7       Facsimile: (213) 894-0141
        E-mail: jay.robinson@usdoj.gov
8

9  Attorney for Plaintiff
   United States of America
10

11            UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      )  CR No. 10-00299-MMM
                                   )
14            Plaintiff,           )  GOVERNMENT'S OPPOSITION TO
                                   )  DEFENDANT HAYRAPET AVETISYAN
15       v.                        )  AND SAAK AVAKYANTS'S MOTION TO
                                   )  DISMISS THE INDICTMENT;
16  SAAK AVAKYANTS,                )
    VAHE MANUKYAN,                 )  HEARING DATE: 08/30/2010
17  HOVSEP HOVSEPYAN,              )  HEARING TIME: 1:15 p.m.
    HAYRAPET AVETISYAN, and        )
18  SERGEY MKRTYCHYAN              )
                                   )
19            Defendants.          )
                                   )
20

21       Plaintiff United States of America, by and through its

22  counsel of record, the United States Attorney for the Central

23  District of California, hereby files its opposition to Hayrapet

24  Avetisyan and Saak Avakyants' ("defendants'") motion to dismiss

25  the indictment.

26       The government's opposition is based upon the attached

27  memorandum of points and authorities, the files and records in

28  this case, and any other evidence or argument that the government

1    may present at a hearing on this matter.

2    DATED: August 16, 2010          Respectfully submitted,

3                                    ANDRÉ BIROTTE JR.
                                     United States Attorney

4
                                     ROBERT E. DUGDALE
5                                    Assistant United States Attorney
                                     Chief, Criminal Division

6

7                                    _____/s/_____
                                     JAY H. ROBINSON
8                                    Assistant United States Attorney

9                                    Attorneys for Plaintiff
                                     United States of America

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3         On August 9, 2010, defendant Avetisyan filed a "Motion to

4    Dismiss the Indictment."  On August 11, 2010, defendant Avakyants

5    joined defendant Avetisyan's motion.[1]  The centerpiece of

6    defendants' claim is the indictment's alleged insufficiency in

7    describing how defendants conduct violated Title 49, United

8    States Code, Section 5124.

9         The government opposes defendants' motion because the

10   indictment adequately states sufficient facts to describe

11   defendants' criminal conduct under 49 U.S.C. § 5124.  As a

12   result, this court should deny defendants' motion to dismiss the

13   indictment.

14   **II.   BACKGROUND**

15        Defendant Avakyants is the leader of a five-man conspiracy

16   to commit access device fraud in order to buy, and then sell

17   unlawfully, large quantities of gasoline.  From an unknown date

18   to March 11, 2010, defendants Avakyants and Avetisyan

19   ("defendants"), as well as three other co-conspirators, used

20   fraudulent credit cards to buy thousands of dollars of gasoline.

21   In furtherance of this conspiracy, defendant Avakyants modified

22   two vans to hold internal gasoline tanks each capable of holding

23

24   ───────────────

25        [1] Defendant Avakyants adopted and incorporated into his
     motion all of defendant Avetisyan's positions and arguments as to
26   Counts 16 through 18, 20, and 21 of the Indictment.  <u>See</u> Def.
     Avakyants' Joinder Mot. at 1-2).  The government, therefore,
27   construes defendant Avetisyan's arguments as defendant
     Avankyants' arguments, and cites to defendant Avetisyan's motion
28   as the joint motion to dismiss.

                                  1

hundreds of gallons of gasoline beyond the capacity of the manufacturer-installed tanks.  On separate dates, Avakyants teamed up with a co-conspirator, drove one of Avakyants' stealth gas-tankers to a local gas station, filled the internal tank to capacity, and paid for the gasoline with fraudulent credit cards.  Avakyants and the co-conspirator then drove to other local gas stations and sold the gasoline at a drastically reduced price.

For this conduct, the government charged defendants on March 25, 2010 in a 22-count indictment with violating: Title 18, United States Code, Sections 371, and 1029(a)(1) and (2): Conspiracy, and Access Device Fraud; and Title 49, United States Code, Section 5124: Unlawful Transportation of Hazardous Material.

**III.  ARGUMENT**

Defendants ask the court to partially dismiss Count One of the Indictment, and to dismiss Counts Sixteen through Twenty-One in their entirety,[2] because the indictment fails to allege defendant violated section 5124 of the Hazardous Materials Transportation Act ("HMTA").[3]  (Def. Mot. to Dismiss at 2). Defendants contend the indictment "fails to allege that [defendants] violated section 5124 of the Hazardous Materials Transportation Act . . . ."  (Def. Mot. to Dismiss at 2). Contrary to defendants' assertions, however, the indictment describes in sufficient detail defendants' criminal conduct and

---

[2] Defendants do not challenge Counts Seven through Thirteen, which are the access device counts.

[3] See 49 U.S.C. §§ 5101-5127.

2

their resulting violations of 49 U.S.C. § 5124.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . A count may incorporate by reference an allegation made in another count.  A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.

An indictment, moreover, is sufficient and will not be dismissed

> [I]f it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare [his] defense; (2) to ensure [him] that [he] is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable [him] to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994) (citations omitted).  In the end, the "test is not whether the indictment could have been framed in a more satisfactory manner but whether it conforms to minimal constitutional standards." Id. (citations omitted).

**A.   The Indictment Contains the Elements of 49 U.S.C. § 5124 in Sufficient Detail**

Under the Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101-5127, the Secretary of Transportation ("the Secretary") is required to "prescribe regulations for the safe transportation of hazardous materials in intrastate, interstate, and foreign commerce."  Id. § 5103(b).  Any person who knowingly violates such regulations is subject to civil penalties of $250 to $25,000 for each violation. Id. § 5123(a).  In addition, any person who

3

willfully violates such regulations is subject to criminal penalties.  Id. § 5124. In accordance with this regulatory authority, the Secretary published the Hazardous Materials Regulations ("HMR"),  49 C.F.R. Parts 171 through 180.  49 C.F.R. § 171.1, "Applicability of Hazardous Materials Regulations (HMR) to persons and functions."  The HMR apply not only to people who transport hazardous materials, but also to those people who cause hazardous materials to be transported in interstate commerce. Id.

49 U.S.C. § 5124 states in pertinent part: "A person knowingly violating section 5104(b)[4] or willfully or recklessly violating this chapter or a regulation, order, special permit, or approval under this chapter shall be fined under title 18, imprisoned for not more than 5 years, or both . . . ."  The plain language of Section 5124, moreover, provides the elements of this charge: (1) defendant violated a regulation promulgated by the United States Department of Transportation ("USDOT") relating to hazardous materials; and (2) defendant acted willfully or recklessly.  49 U.S.C. § 5124.  Counts Sixteen through Twenty-One of the indictment track the language of 49 U.S.C. § 5124 and

---

[4] 49 U.S.C. § 5104(b) prohibits a person from:
alter[ing], remov[ing], destroy[ing], or otherwise tamper[ing] unlawfully with –

(1) a marking, label, placard, or description on a document required under this chapter or regulation prescribed under this chapter; or

(2) a package, component of a package, or packaging, container, motor vehicle, rail freight car, aircraft, or vessel used to transport hazardous material.

4

align with the elements.  Each count specifically charges the defendants with the following on various dates:

> [D]efendants willfully and recklessly transported, and caused the transportation of, hazardous materials, namely, gasoline, from and to [specified locations], in a van that did not have placards identifying the material as 'flammable' or 'flammable gas,' in violation of the regulations promulgated under the HMTA, namely, Title 49, Code of Federal Regulations, Part 172.500 et seq.

(Indictment ¶ 14).

The indictment satisfies the first element because it charges defendant with violating "regulations promulgated under the HMTA, namely, Title 49, Code of Federal Regulations, Part 172.500 et seq." (Id.).  It also satisfies the second element because it charges that defendants did so "willfully and recklessly." (Id.)

### B.   The Indictment Sufficiently Describes How Defendants Violated HMTA Regulations

Defendants focus their motions on whether the indictment sets forth sufficient facts satisfying the first element, arguing that "the indictment fails to allege that [defendants] transported the gasoline in bulk packaging or a transport vehicle." (Def. Mot. to Dismiss at 5).  Defendants, furthermore, claim the "van that did not have placards identifying the material as 'flammable' or 'flammable gas'" does not fall within the HTMA's definition of "transport vehicle." (Id.)  Defendants' argument, however, fails because the indictment sets forth in "plain, concise, and definite" terms the "essential facts" of defendants' violation of 49 U.S.C. § 5124.  See F.R.C.P. 7(c)(1).

49 C.F.R. § 171.8 defines "transport vehicle" as a "cargo carrying vehicle such as an automobile, **van**, tractor, truck, semitrailer, tank car or rail car **used for the transportation of cargo by any mode**.  Each cargo carrying body (trailer, rail car, etc.) is a separate transport vehicle."  (Emphasis added).  Here, the government alleged defendant Avetisyan drove a van that defendant Avakyants modified to transport gasoline.  (Indictment at ¶¶ 7b, 7c, 7e; 8(18), 8(19)).  The van the government alleged in the indictment, therefore, falls explicitly within the plain language of section 171.8.

In addition to ignoring the definition of "transport vehicle" under Section 171.8, defendants also erroneously claim the indictment insufficiently describes the modified gas tanks in defendant Avakyants' vans as "bulk packaging."[5]  "[N]owhere in the indictment does the government allege that the modified gas tank on the passenger van had a maximum capacity greater than 119 gallons."  (Def. Mot. to Dismiss at 6).  In other words, defendants refuse to acknowledge paragraph 7(c) of the indictment: "[Defendants] would drive the modified vans from gas station to gas station, filling the vans' tanks with **hundreds** of gallons of gasoline."  The word "hundreds," both standing alone and in the context of the indictment, plainly means greater than one hundred, let alone greater than one hundred and nineteen.

---

[5] Section 171.8 defines "bulk packaging" as a "packaging, other than a vessel or a barge, including a transport vehicle or freight container, in which hazardous materials are loaded, and which has . . . [a] maximum capacity greater than 450 L (119 gallons) as a receptacle for a liquid . . . ."

6

1    Even though the government did not specify in the indictment the
2    maximum capacity of the modified gas tanks, the indictment would
3    not be deficient because the government is not required to allege
4    in an indictment "its theory of the case or supporting evidence."
5    United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982); see
6    also United States v. Portac, 869 F.2d 1288, 1295-96 (9th Cir.
7    1989) (where defendant charged with committing perjury, the
8    government was not required to allege how certain answers by the
9    defendant were false); United States v. DeCoito, 764 F.2d 690,
10   693 (9th Cir. 1985) (same).

11       Not only does the indictment sufficiently set forth the
12   elements of 49 U.S.C. § 5124, but it also explains in great
13   detail how the defendants carried out their conspiracy.  In
14   section "A. Introductory Allegations," the indictment describes
15   the names of the conspirators (Indictment ¶ 1), and the
16   legislative history of the HMTA (id. ¶¶ 3-5).  Paragraph 5,
17   furthermore, specifically details the regulatory prohibitions
18   against transporting hazardous materials in motor vehicles
19   without the appropriate placards.  (Id. ¶ 5).  In accordance with
20   Federal Rule of Criminal Procedure 7(c)(1),[6] moreover, Counts
21   Sixteen through Twenty-One repeat and re-allege all paragraphs of
22   the "Introductory Allegations" section.  (Id. ¶ 13).  These
23   counts charge that defendants violated 49 U.S.C. § 5124 by
24   willfully and recklessly transporting gasoline in a van without

25

26
27       [6] Rule 7(c)(1) states in pertinent part: "A count [in an
     indictment or information] may incorporate by reference an
     allegation made in another count."
28
                                    7

the HMTA-required placards.  (<u>Id.</u> ¶ 14).

In section "B. Object of the Conspiracy," the indictment alleges that defendant and others conspired to transport hazardous materials in a motor vehicle in violation of 49 U.S.C. § 5124 and Title 49, Code of Federal Regulations, Part 172.500 <u>et seq.</u>  (<u>Id.</u> ¶ 6c).

In section "C. The Manner and Means of the Conspiracy," the indictment describes in great detail how defendants and their co-conspirators carried out the scheme.  The indictment alleges that defendant Avakyants "would modify motor vehicles, namely, vans, so that such vans would contain a concealed gasoline storage tank."  (<u>Id.</u> ¶ 7(b)).  The indictment further explains how defendant Avetisyan, as of one the "Driver Defendants," "would drive the modified vans from gas station to gas station, filling the vans' concealed storage tanks with hundreds of gallons of gasoline."  (<u>Id.</u> ¶ 7(c)).  These modified vans, moreover, "would contain no external markings or placards that identified to the public that the vans were transporting flammable gasoline."  (<u>Id.</u>)  Finally, the indictment describes how defendant Avetisyan, as one of the Driver Defendants, "would drive the modified vans to . . . gas stations and deliver the gasoline . . . at a deeply discounted price."  (<u>Id.</u> ¶ 7(e)).

At section "D. Overt Acts," the indictment alleges 25 overt acts committed by defendant Avakyants and his co-conspirators in furtherance of the conspiracy.  (<u>Id.</u> ¶ 8).  Overt Acts Fifteen through Twenty-One specifically address defendants' conduct in furtherance of the conspiracy.  (<u>Id.</u> ¶¶ 8(15)-(21)).

8

The indictment sets forth in sufficient detail defendants' violations of 49 U.S.C. § 5124." <u>Rosi</u>, 27 F.3d at 414 (9th Cir. 1994).  As a result, defendants' argument has no merit.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Court should deny defendants' motion to dismiss the indictment.

DATED: August 16, 2010          Respectfully submitted,


                                ANDRÉ BIROTTE JR.
                                United States Attorney

                                ROBERT E. DUGDALE
                                Assistant United States Attorney
                                Chief, Criminal Division



                                _____/s/_____
                                JAY H. ROBINSON
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                United States of America

9