ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JAY H. ROBINSON (California Bar No. 230015)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4138
    Facsimile: (213) 894-0141
    E-mail: jay.robinson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 10-00299-MMM |
|                 Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
|          v. | ) <u>SAAK AVAKYANTS</u> |
| SAAK AVAKYANTS, | ) |
| VAHE MANUKYAN, | ) |
| HOVSEP HOVSEPYAN, | ) |
| HAYRAPET AVETISYAN, and | ) |
| SERGEY MKRTYCHYAN, | ) |
|              Defendants. | ) |

    1.  This constitutes the plea agreement between SAAK
AVAKYANTS ("defendant") and the United States Attorney's Office
for the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

//

//



1                          DEFENDANT'S OBLIGATIONS

2          2.   Defendant agrees to:

3               a) At the earliest opportunity requested by the USAO

4    and provided by the Court, appear and plead guilty to Counts

5    Seven, Eight, Nine, Twelve, Thirteen, and Twenty-Two of the

6    indictment in United States v. SAAK AVAKYANTS, VAHE MANUKYAN,

7    HOVSEP HOVSEPYAN, HAYRAPET AVETISYAN, and SERGEY MKRTYCHYAN, CR

8    No. 10-00299-MMM.

9               b) Not contest facts agreed to in this agreement.

10              c) Abide by all agreements regarding sentencing factors

11   contained in this agreement.

12              d) Appear for all court appearances, surrender as

13   ordered for service of sentence, obey all conditions of any bond,

14   and obey any other ongoing court order in this matter.

15              e) Not commit any crime; however, offenses that would

16   be excluded for sentencing purposes under United States

17   Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")

18   § 4A1.2(c) are not within the scope of this agreement.

19              f) Be truthful at all times with Pretrial Services, the

20   United States Probation Office, and the Court.

21              g) Pay the applicable special assessments at or before

22   the time of sentencing unless defendant lacks the ability to pay

23   and submits a completed financial statement (form OBD-500) to the

24   USAO prior to sentencing.

25              h) Not seek the discharge of any restitution

26   obligation, in whole or in part, in any present or future

27   bankruptcy proceeding.

28

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e) With respect to Counts Seven, Eight, Nine, Twelve, Thirteen, and Twenty-Two, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 12 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this

agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of the crimes charged in Counts Seven, Eight, Nine, Twelve, and Thirteen, which are violations of Title 18, United States Code, Section 1029(a)(1), the following must be true: (1) defendant knowingly used a counterfeit access device; (2) defendant acted with intent to defraud; and (3) defendant's conduct in some way affected commerce between one state and another state, or between a state or the United States and a foreign country.  Defendant admits that defendant is, in fact, guilty of this offense as described in Counts Seven, Eight, Nine, Twelve, and Thirteen of the indictment.

5.   Defendant understands that for defendant to be guilty of the crime charged in Count Twenty-Two, a violation of Title 18, United States Code, Section 1029(a)(3), the following must be true: (1) defendant knowingly possessed at least fifteen unauthorized or counterfeit access devices at the same time; (2) defendant knew that the devices were counterfeit or unauthorized; (3) defendant acted with intent to defraud; and (4) defendant's conduct in some way affected commerce between one state and another state, or between a state or the United States and a

4

foreign country.  Defendant admits that defendant is, in fact, guilty of this offense as described in Count Twenty-Two of the indictment.

PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1029(a)(1), is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(3), is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 60 years imprisonment; a three-year period of supervised release; a fine of $1,500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $600.

9.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses.  Defendant agrees that, in return for the USAO's compliance with its

obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty plea.

3      12.   Defendant understands that, if defendant is not a

4  United States citizen, the felony conviction in this case may

5  subject defendant to removal, also known as deportation, which

6  may, under some circumstances, be mandatory.  The court cannot,

7  and defendant's attorney also may not be able to, advise

8  defendant fully regarding the immigration consequences of the

9  felony conviction in this case.  Defendant understands that by

10 entering a guilty plea defendant waives any claim that unexpected

11 immigration consequences may render defendant's guilty plea

12 invalid.

13                           FACTUAL BASIS

14      13.   Defendant and the USAO agree to the statement of facts

15 provided below.  Defendant and the USAO agree that this statement

16 of facts is sufficient to support pleas of guilty to the charges

17 described in this agreement and to establish the Sentencing

18 Guidelines factors set forth in paragraph 15 below but is not

19 meant to be a complete recitation of all facts relevant to the

20 underlying criminal conduct or all facts known to either party

21 that relate to that conduct.

22      Beginning on an unknown date and continuing through at least

23 March 11, 2010, defendant and co-conspirators, including, among

24 others, SERGEY MKRTYCHYAN ("MKRTYCHYAN") and HOVSEP HOVSEPYAN

25 ("HOVSEPYAN"), knowingly and with intent to defraud used

26 counterfeit credit cards to buy gasoline at gas stations located

27 in Los Angeles County, within the Central District of California.

28

1  Defendant would knowingly obtain gift cards that were
2  fraudulently encoded with credit card account information
3  belonging to third-party account holders.  None of these account
4  holders, furthermore, authorized or granted defendant permission
5  to use their accounts.  Defendant also owned two vans which each
6  contained a large, concealed, interior gasoline storage tank that
7  attached to the van's external gas cap.

8      On December 3, 2009, defendant and co-conspirator MKRTYCHYAN
9  knowingly used three fraudulent GE Capital credit cards – with
10  account numbers ending in 3236, 9518, and 3626 – to buy gasoline
11  from a gas station located in Van Nuys, California, within the
12  Central District of California.  The gasoline was pumped into one
13  of the modified vans.

14      On January 5, 2010, defendant and co-conspirator HOVSEPYAN
15  knowingly used a Washington Mutual credit card with an account
16  number ending in 2431, and a Discover credit card with an account
17  number ending in 7736, to buy gasoline from a gas station located
18  in Woodland Hills, California, within the Central District of
19  California.  The gasoline was pumped into one of the modified
20  vans.

21      On March 11, 2010, defendant knowingly and without
22  authorization possessed more than 15 counterfeit credit cards at
23  the same time and in his home located in North Hollywood,
24  California, within the Central District of California.  At the
25  time he possessed the credit cards, moreover, defendant knew the
26  credit cards were counterfeit.
27  //
28

8

1    At all times relative to this agreement, defendant admits

2  that he acted with the intent to defraud and his conduct affected

3  interstate commerce.

4                          SENTENCING FACTORS

5    14.   Defendant understands that in determining defendant's

6  sentence the Court is required to consider the factors set forth

7  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence

8  and sentencing range established under the Sentencing Guidelines.

9  Defendant understands that the Sentencing Guidelines are advisory

10  only, that defendant cannot have any expectation of receiving a

11  sentence within the Sentencing Guidelines range, and that after

12  considering the Sentencing Guidelines and the other § 3553(a)

13  factors, the Court will be free to exercise its discretion to

14  impose any sentence it finds appropriate up to the maximum set by

15  statute for the crimes of conviction.

16    15.   Defendant and the USAO agree to the following

17  applicable Sentencing Guidelines factors:

18       Base Offense Level
         (Counts Seven, Eight,
19        Nine, Twelve,
          Thirteen, and
20        Twenty-Two)            :    6    [U.S.S.G. § 2B1.1(a)(2)]

21  Defendant and the USAO agree not to seek, argue, or suggest in

22  any way, either orally or in writing, that any other specific

23  offense characteristics, adjustments, or departures relating to

24  the offense level be imposed, with the exception that the

25  government will argue for an enhancement for the Amount of Loss

26  under U.S.S.G. § 2B1.1(b)(1), as well as seek an increase in the

27  defendant's offense level under U.S.S.G. § 3B1.1.   Defendant

28

                                    9

1  further understands that defendant's offense level could be
2  increased if defendant is a career offender under U.S.S.G.
3  §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered,
4  defendant and the USAO will not be bound by the agreement to
5  Sentencing Guideline factors set forth above.

6      16.  Defendant understands that there is no agreement as to
7  defendant's criminal history or criminal history category.

8      17.  Defendant and the USAO reserve the right to argue for a
9  sentence outside the sentencing range established by the
10 Sentencing Guidelines based on the factors set forth in 18 U.S.C.
11 § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

12                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

13     18.  Defendant understands that by pleading guilty,
14 defendant gives up the following rights:

15          a) The right to persist in a plea of not guilty.

16          b) The right to a speedy and public trial by jury.

17          c) The right to the assistance of an attorney at trial,
18 including the right to have the Court appoint an attorney to
19 represent defendant at trial.  Defendant understands, however,
20 that, despite defendant's guilty pleas, defendant retains the
21 right to be represented by an attorney -- and, if necessary, to
22 have the Court appoint an attorney if defendant cannot afford one
23 -- at every other stage of the proceeding.

24          d) The right to be presumed innocent and to have the
25 burden of proof placed on the government to prove defendant
26 guilty beyond a reasonable doubt.

27 //

28

                              10

1    e) The right to confront and cross-examine witnesses

2 against defendant.

3    f) The right to testify on defendant's own behalf and

4 present evidence in opposition to the charges, including calling

5 witnesses and subpoenaing those witnesses to testify..

6    g) The right not to be compelled to testify, and, if

7 defendant chose not to testify or present evidence, to have that

8 choice not be used against defendant.

9    h) Any and all rights to pursue any affirmative

10 defenses, Fourth Amendment or Fifth Amendment claims, and other

11 pretrial motions that have been filed or could be filed.

12                          WAIVER OF DNA TESTING

13    19.  Defendant has been advised that the government has in

14 its possession items of physical evidence that could be subjected

15 to DNA testing.  Defendant understands that the government does

16 not intend to conduct DNA testing of any of these items.

17 Defendant understands: (a) before entering guilty pleas pursuant

18 to this agreement, defendant could request DNA testing of

19 evidence in this case; and (b) with respect to the offenses to

20 which defendant is pleading guilty pursuant to this agreement,

21 defendant would have the right to request DNA testing of evidence

22 after conviction under the conditions specified in 18 U.S.C.

23 § 3600.  Knowing and understanding defendant's right to request

24 DNA testing, defendant voluntarily gives up that right with

25 respect to any items of evidence there may be in this case that

26 might be subject to DNA testing.  Defendant understands that by

27 giving up this right: (a) defendant is giving up any ability to

28

request DNA testing of evidence in this case in the current

proceeding, in any proceeding after conviction under 18 U.S.C.

§ 3600, and in any other proceeding of any type; and (b)

defendant will never have another opportunity to have the

evidence in this case submitted for DNA testing, and will never

have an opportunity to employ the results of DNA testing to

support a claim that defendant is innocent of the offenses to

which defendant is pleading guilty.

WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an

appeal based on a claim that defendant's guilty pleas were

involuntary, by pleading guilty defendant is waiving and giving

up any right to appeal defendant's convictions on the offenses to

which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21. Defendant agrees that, provided the Court imposes a

total term of imprisonment on all counts of conviction of no more

than 12 months, defendant gives up the right to appeal all of the

following: (a) the procedures and calculations used to determine

and impose any portion of the sentence, with the exception of the

Court's calculation of defendant's criminal history category;

(b) the term of imprisonment imposed by the Court;

(c) the fine imposed by the court, provided it is within the

statutory maximum; (d) the term of probation or supervised

release imposed by the Court, provided it is within the statutory

maximum; and (e) any of the following conditions of probation or

supervised release imposed by the Court: the standard conditions

1  set forth in General Orders 318, 01-05, and/or 05-02 of this

2  Court; the drug testing conditions mandated by 18 U.S.C.

3  §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

4  conditions authorized by 18 U.S.C. § 3563(b)(7); and any

5  conditions of probation or supervised release agreed to by

6  defendant in paragraph 2 above.

7      22.   The USAO agrees that, provided (a) all portions of the

8  sentence are at or below the statutory maximum specified above

9  and (b) the Court imposes a term of imprisonment of no less than

10 18 months, the USAO gives up its right to appeal any portion of

11 the sentence, with the exception that the USAO reserves the right

12 to appeal the amount of restitution.

13           RESULT OF WITHDRAWAL OF GUILTY PLEA

14     23.   Defendant agrees that if, after entering guilty pleas

15 pursuant to this agreement, defendant seeks to withdraw and

16 succeeds in withdrawing defendant's guilty pleas on any basis

17 other than a claim and finding that entry into this plea

18 agreement was involuntary, then (a) the USAO will be relieved of

19 all of its obligations under this agreement; and (b) should the

20 USAO choose to pursue any charge that was either dismissed or not

21 filed as a result of this agreement, then (i) any applicable

22 statute of limitations will be tolled between the date of

23 defendant's signing of this agreement and the filing commencing

24 any such action; and (ii) defendant waives and gives up all

25 defenses based on the statute of limitations, any claim of pre-

26 indictment delay, or any speedy trial claim with respect to any

27 //

28

13

such action, except to the extent that such defenses existed as
of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24.  Defendant agrees that if, after entering guilty pleas
pursuant to this agreement, defendant seeks to withdraw and
succeeds in withdrawing defendant's guilty pleas on any basis
other than a claim and finding that entry into this plea
agreement was involuntary, then (a) the USAO will be relieved of
all of its obligations under this agreement; and (b) should the
USAO choose to pursue any charge that was either dismissed or not
filed as a result of this agreement, then (i) any applicable
statute of limitations will be tolled between the date of
defendant's signing of this agreement and the filing commencing
any such action; and (ii) defendant waives and gives up all
defenses based on the statute of limitations, any claim of pre-
indictment delay, or any speedy trial claim with respect to any
such action, except to the extent that such defenses existed as
of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

25.  This agreement is effective upon signature and
execution of all required certifications by defendant,
defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after
the signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an
Assistant United States Attorney, knowingly violates or fails to

14

perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

27.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived

from such statements, shall be admissible against defendant in
any such action against defendant, and defendant waives and gives
up any claim under the United States Constitution, any statute,
Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
Federal Rules of Criminal Procedure, or any other federal rule,
that the statements or any evidence derived from the statements
should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

28.  Defendant understands that the Court and the United
States Probation Office are not parties to this agreement and
need not accept any of the USAO's sentencing recommendations or
the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO
are free to: (a) supplement the facts by supplying relevant
information to the United States Probation Office and the Court,
(b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations, and (c) argue on
appeal and collateral review that the Court's Sentencing
Guidelines calculations are not error, although each party agrees
to maintain its view that the calculations in paragraph 15 are
consistent with the facts of this case.  While this paragraph
permits both the USAO and defendant to submit full and complete
factual information to the United States Probation Office and the
Court, even if that factual information may be viewed as
inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations
not to contest the facts agreed to in this agreement.

16

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing

//
//
//
//
//
//

17

1   as if the entire agreement had been read into the record of the

2   proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
    ANDRÉ BIROTTE JR.
6   United States Attorney

7

8   _____          ___8/23/2010___
    JAY H. ROBINSON                           Date
9   Assistant United States Attorney

10

11  _____          ___8/23/10___
    SAAK AVAKYANTS                            Date
12  Defendant

13

14  _____          ___8/19/10___
    CARLTON F. GUNN                           Date
15  Attorney for Defendant
    SAAK AVAKYANTS
16

17

18

19

20

21

22

23

24

25

26

27

28

                              18

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement
has been read to me in Armenian, the language I understand best.
I have had enough time to review and consider this agreement, and
I have carefully and thoroughly discussed every part of it with
my attorney. I understand the terms of this agreement, and I
voluntarily agree to those terms. I have discussed the evidence
with my attorney, and my attorney has advised me of my rights, of
possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement. No promises,
inducements, or representations of any kind have been made to me
other than those contained in this agreement. No one has
threatened or forced me in any way to enter into this agreement.
I am satisfied with the representation of my attorney in this
matter, and I am pleading guilty because I am guilty of the
charges and wish to take advantage of the promises set forth in
this agreement, and not for any other reason.

SAAK AVAKYANTS                          Date  08/19/10
Defendant

19

1          CERTIFICATION OF INTERPRETER

2      I, *NOUNE OGANESSIAN*, am fluent in the written and
                                + RUSSIAN
3   spoken English and Armenian languages. I accurately translated
                                                      + RUSSIAN
4   this entire agreement from English into Armenian to defendant

5   SAAK AVAKYANTS on this date.

6

7   _____              08-19-2010
    Interpreter                              _____
8                                            Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            20

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SAAK AVAKYANTS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

CARLTON F. GUNN
Attorney for Defendant
SAAK AVAKYANTS

Date 8/17/10

21